# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

THELMA L. ROBY,
         Appellant,

      v.

DEPARTMENT OF THE NAVY,
         Agency.

DOCKET NUMBER
AT-0752-15-0588-I-1

DATE: September 13, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Thelma L. Roby</u>, Pensacola, Florida, pro se.

<u>Thomas J. Tangi</u>, Jacksonville, Florida, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her involuntary retirement appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    Effective October 31, 2014, the appellant retired from her position as a Human Resource Specialist with the agency's Bureau of Medicine and Surgery (BUMED).  Initial Appeal File (IAF), Tab 1 at 9, Tab 17 at 22.  On or about January 5, 2015, the appellant filed a formal equal employment opportunity (EEO) complaint alleging, among other things, that she was subjected to a hostile work environment and forced to retire due to discrimination based on her age (over 40), race (African American) and national origin (non‑Haitian).  IAF, Tab 1 at 13, Tab 17 at 46−52, Tab 23 at 167−79, 206−07.  The agency did not issue a final decision on the appellant's EEO complaint within 120 days, and on June 11, 2015, she filed a Board appeal alleging that her retirement was involuntary.    IAF, Tab 1 at 3, 5, 12−13, Tab 12 at 7; *see* 5 C.F.R. § 1201.154(b)(2).

¶3    The administrative judge issued a jurisdictional order informing the appellant that the Board lacks jurisdiction over presumably voluntary actions, such as resignations and retirements, and ordered her to submit evidence and argument raising a nonfrivolous allegation that her retirement was involuntary

because of duress, coercion, or misrepresentation by the agency. IAF, Tab 3 at 2-3. Both on her initial appeal form and in her responses to the jurisdictional order, the appellant alleged that she was subject to harassment, a hostile work environment, and discrimination, and that various actions taken by her first- and second-level supervisors, N.D. and J.H., and a coworker, A.W., made her working conditions intolerable and rendered her retirement a constructive discharge. IAF, Tab 1 at 5, 17-29, Tab 6 at 4-9, Tab 9 at 2-6.

¶4 The administrative judge found that the appellant raised a nonfrivolous allegation of jurisdiction over her appeal, entitling her to a jurisdictional hearing. IAF, Tab 14 at 1. However, the appellant subsequently withdrew her request for a hearing and asked that her appeal be decided on the written record. IAF, Tab 1 at 2, Tab 19 at 1, Tab 21 at 1. Thereafter, the administrative judge afforded the appellant an opportunity to submit additional evidence and argument in support of her appeal, IAF, Tab 21 at 2-3, which she did, IAF, Tab 23.

¶5 In the initial decision, the administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant failed to prove that her retirement was involuntary. IAF, Tab 24, Initial Decision (ID) at 2, 11. He found that, although the appellant may have been dissatisfied with her work environment, coworkers, workload, degree of supervisory oversight, and general job duties and responsibilities, she failed to prove that the agency's alleged improper actions left her with no reasonable alternative but to retire. ID at 11.

¶6 On June 21, 2016, the appellant filed a pleading titled "Notice of Intent to Reinstate Claim with EEOC Request to Have Claim Unmixed," in which she argued that the initial decision was incorrect. Petition for Review (PFR) File, Tab 1. The agency responded to that pleading, arguing that the Board should affirm the initial decision. PFR File, Tab 2. Thereafter, the appellant filed a timely petition for review of the initial decision. PFR File, Tab 3, Tab 4 at 1. The agency has not responded to the petition for review.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7 Generally, the Board lacks the authority to review an employee's decision to retire, which is presumed to be a voluntary act. *Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, ¶ 9, *aff'd*, 469 F. App'x 852 (Fed. Cir. 2011). However, an appellant may overcome the presumption of voluntariness by showing that her retirement was the product of misinformation or deception by the agency, or of coercive acts by the agency, such as intolerable working conditions or the unjustified threat of an adverse action. *SanSoucie v. Department of Agriculture*, 116 M.S.P.R. 149, ¶ 14 (2011).

¶8 The issue of the Board's jurisdiction in an involuntary resignation or retirement case is inextricably intertwined with the merits of the appeal; where the employee establishes the Board's jurisdiction over the appeal by showing that her resignation or retirement was involuntary, she also has established the merits of her appeal. *Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 17 (2007). When, as here, an appellant has withdrawn her hearing request, the threshold question is not whether she has raised a nonfrivolous allegation of jurisdiction, but whether she has established by preponderant evidence that the Board has jurisdiction over her appeal. *Id*., ¶ 18.

¶9 To establish involuntariness on the basis of coercion, an employee must show that the agency effectively imposed the terms of the employee's retirement, the employee had no realistic alternative but to retire, and the employee's retirement was the result of improper acts by the agency. *Staats v. U.S. Postal Service*, 99 F.3d 1120, 1124 (Fed. Cir. 1996); *Vitale*, 107 M.S.P.R. 501, ¶ 19. The touchstone of the "voluntariness" analysis is whether, considering the totality of the circumstances, factors operated on the employee's decision-making process that deprived her of freedom of choice. *Vitale*, 107 M.S.P.R. 501, ¶ 19. In cases such as this one, when an employee alleges that the agency took actions that made her working conditions so intolerable that she was driven to an involuntary retirement, the Board will find her retirement involuntary only if she

demonstrates that the agency engaged in a course of action that made her working conditions so difficult or unpleasant that a reasonable person in her position would have felt compelled to resign or retire. *Id.*, ¶ 20.

¶10     On review, the appellant reiterates her arguments, raised below, that: (1) A.W. interfered in her work and criticized and undermined her; (2) N.D. and J.H. failed to protect her from A.W.'s behavior; (3) on August 15, 2014, N.D. issued her a letter of counseling for failure to follow instructions; (4) N.D. left her out of meetings and unfairly criticized her; (5) her workload was excessive; (6) N.D. expected her to conduct a training session without sufficient advance notice; and (7) N.D. refused to provide her with compensatory time off for travel to a mediation on the agency's behalf.  PFR File, Tab 1 at 5, Tab 3 at 6−7, 9−13; IAF, Tab 1 at 5, 19−22, Tab 23 at 5−7.

¶11     It is well settled, however, that an employee is not guaranteed a stress-free work environment and dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions generally are not so intolerable as to compel a reasonable person to resign.  *Brown*, 115 M.S.P.R. 609, ¶ 15; *Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 32 (2000).  Here, although affidavits from the appellant's former coworkers support her contention that A.W. inappropriately interjected herself into the appellant's work at times, and could be difficult to work with, the administrative judge properly found that the appellant's interactions with A.W. did not rise to a level that a reasonable person would find intolerable.  ID at 10; IAF, Tab 23 at 60−61, 64−67, 74−75.

¶12     Regarding the August 15, 2014 letter of counseling, we agree with the administrative judge that the evidence indicates that the appellant failed to follow N.D.'s instructions, as alleged in the letter.[2]  ID at 9−10; IAF, Tab 17 at 61−62,

---

[2] On review, the appellant contends that the administrative judge denied her the right to present testimony from agency managers regarding her performance.  PFR File, Tab 3 at 11.  However, the appellant withdrew her hearing request, and the administrative judge afforded her the opportunity to submit additional evidence in support of her

64, 78–79; *see Staats*, 99 F.3d at 1124 (explaining that the narrow doctrine of coercive involuntariness does not apply when an employee retires because "he does not want to accept [actions] that the agency is authorized to adopt, even if those measures make continuation in the job so unpleasant for the employee that he feels that he has no realistic option but to leave").  However, even assuming that the letter of counseling was unwarranted, this would not render the appellant's retirement involuntary, especially when, as here, she was in the process of contesting the letter through the agency's EEO process at the time that she retired.  IAF, Tab 17 at 26, Tab 23 at 208, 218; *see Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1329 (Fed. Cir. 2006) (explaining that a resignation is not involuntary if the employee had a choice of whether to resign or contest the validity of the agency action).

¶13      We further agree with the administrative judge that, although the appellant's relationship with N.D. and J.H. became somewhat strained following the letter of counseling, N.D. and J.H. maintained a professional demeanor, and that the strain in the relationship did not rise to the level that would cause a reasonable person in the appellant's position to feel as though they had no option but to retire.  ID at 8–10; *see, e.g.*, IAF, Tab 23 at 286.  In addition, the administrative judge correctly found that the remaining incidents between the appellant and N.D. amounted to routine, if sometimes unpleasant, workplace interactions between an employee and her supervisor.  ID at 9–11.

¶14      In sum, while the appellant's workload and her interactions with A.W., N.D., and J.H. may have been stressful for her, and made for a difficult and unpleasant work environment, even assuming, as the appellant alleges, that these issues exacerbated her preexisting health conditions, the administrative judge

appeal.  IAF, Tab 19 at 1, Tab 21 at 2–3.  In any event, the letter of counseling did not allege that the appellant's performance was generally deficient, but rather, that she failed to follow N.D.'s instructions on one specific instance.  IAF, Tab 17 at 61–62.

correctly found that she failed to establish that she was subject to working conditions so intolerable that a reasonable person in her position would have felt compelled to retire. ID at 9‑11; PFR File, Tab 3 at 7; *see Vitale*, 107 M.S.P.R. 501, ¶ 26 (finding that, although an agency official may have caused an appellant apprehension, which exacerbated his medical ailments, he failed to establish that his working conditions were so intolerable that a reasonable person in his position would have felt compelled to retire).

¶15    On review, the appellant also repeats her arguments, raised below, that N.D. harassed her by requesting medical documentation to support her request for emergency medical leave from August 20, 2014, through October 14, 2014, delaying approval of her request for leave donations, and failing to promptly notify her coworkers that she was eligible to receive donated leave. PFR File, Tab 1 at 5, Tab 3 at 13−14; IAF, Tab 1 at 23−26. The administrative judge found, and we agree, that N.D. and J.H. were responsive to the appellant's requests for leave donations. ID at 9; *see* IAF, Tab 23 at 216−17, 222. An agency may require a medical certificate or other administratively acceptable evidence to substantiate a request for sick leave of more than 3 workdays, and we discern nothing harassing in N.D.'s request for medical documentation to support the appellant's request for sick leave from August 25, 2014, onwards. IAF, Tab 23 at 222−23, 235−36; 5 C.F.R. § 630.405(a).

¶16    Regarding the appellant's request for leave donations, on August 25, 2014, the same day that the appellant informed N.D. that she needed donated leave, N.D. sent the appellant an application to participate in the agency's voluntary leave transfer program. IAF, Tab 23 at 216−17. The BUMED payroll office, and not N.D., was responsible for administering the program. *Id*. at 241. Regardless, the appellant was approved to participate in the program by August 28, 2014, and by September 3, 2014, her coworkers had donated leave to her. *Id*. at 222, 225.

¶17     Even assuming, however, that N.D made excessive requests for medical documentation, or failed to adequately assist the appellant with her request for leave donations, the appellant failed to prove that these actions left her with no realistic alternative but to retire. *See Vitale*, 107 M.S.P.R. 501, ¶ 19. After the appellant provided the requested medical documentation, N.D. approved her requests for additional sick leave, the appellant's coworkers donated additional leave to her, and she remained on leave until October 14, 2014. IAF, Tab 23 at 138, 225, 235, 237. On October 15, 2014, one day after she returned to work, the appellant decided to retire after N.D. criticized the way that she set up certain files. IAF, Tab 17 at 21−22, Tab 23 at 6−7, 138. Thus, despite any difficulties that the appellant may have encountered in the leave process, when she made the decision to retire, the agency had provided her with the sick leave and leave donations that she requested. IAF, Tab 23 at 6‑7.

¶18     Additionally, the appellant's allegations that the agency's actions were retaliatory or based on discrimination do not establish that her retirement was involuntary. PFR File, Tab 1 at 4−7, Tab 3 at 13-14. The Board addresses allegations of discrimination and reprisal in connection with an alleged involuntary retirement only insofar as those allegations relate to the issue of voluntariness, i.e., whether, under all of the circumstances, the agency made the appellant's working conditions so difficult that a reasonable person in the appellant's position would have felt compelled to resign or retire. *Vitale*, 107 M.S.P.R. 501, ¶ 20. Here, the appellant's allegation that the agency acted in a retaliatory or discriminatory manner, even if proven true, would not establish that the agency engaged in a course of conduct that made her working conditions so difficult that a reasonable person in her position would have felt compelled to retire.[3]

---

[3] For this reason, we need not determine the merit of the appellant's repeated assertions on review that N.D. provided greater assistance regarding the leave donation request of

¶19     On review, as she did below, the appellant also argues that the agency failed to properly process and investigate her various formal and informal EEO complaints. PFR File, Tab 1 at 4, Tab 3 at 7, 9−10, 14; IAF, Tab 1 at 5, 17−18, Tab 6 at 3−9, Tab 9 at 3−6. We agree with the administrative judge that J.H. and N.D. were responsive to the appellant's concerns regarding the processing of her EEO complaints. ID at 9; IAF, Tab 17 at 26, Tab 23 at 118, 218. We further find that the appellant's vague allegations that the agency violated "29 CFR 1614" and the "MD 110 EEO Procedure Manual" do not establish that any purported errors in processing or investigating her EEO complaints rendered her retirement involuntary. PFR File, Tab 3 at 9, 14. Moreover, because the Board lacks jurisdiction over the appellant's alleged involuntary retirement appeal, we lack authority to adjudicate her claims that the agency violated regulations or procedures in processing and investigating her EEO complaints. *See Penna v. U.S. Postal Service*, 118 M.S.P.R. 355, ¶ 13 (2012) (stating that, in the absence of an otherwise appealable action, the Board lacked jurisdiction over claims of harmful error, prohibited personnel practices, and the agency's alleged failure to comply with regulations).

¶20     Finally, the appellant requests that the Board "unmix" her appeal and "reinstate" her claim before the Equal Employment Opportunity Commission (EEOC). PFR File, Tab 1 at 4, 6. The EEOC's regulations provide that when, as here, the Board dismisses a "mixed case" appeal for lack of jurisdiction, the action is no longer a "mixed case" and the agency is obligated to reissue a notice to the appellant pursuant to 29 C.F.R. § 1614.108(f) giving her the right to elect between a hearing before an EEOC administrative judge or an immediate final decision on her discrimination claims. 29 C.F.R. § 1614.302(b). Thus, it is

another employee, D.K., who was purportedly Haitian. PFR File, Tab 1 at 5−7, Tab 3 at 13−14. Even if N.D. provided greater assistance to D.K. than the appellant, this would not establish that the appellant's working conditions were so intolerable that a reasonable person in her position would have felt compelled to retire.

unnecessary for the Board to take further action in this regard, because the agency already is obligated under the law to resume processing the appellant's EEO discrimination claims.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website

at   http://www.mspb.gov/probono   for   information   regarding   pro   bono representation for Merit Systems Protection Board appellants before the Federal Circuit.

The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                 Jennifer Everling
                                 Acting Clerk of the Board

Washington, D.C.